Jonathan A. Stein (JS-4597)
Jonathan A. Stein, P.C.
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956

Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x

MEMBERS ONLY LICENSING GROUP, LLC,

                                      Plaintiff,

                    -against-

CLASSIC CLOSEOUTS, LLC,
S&M DEVELOPMENT CORP.,
SHALOM S. MAIDENBAUM, ESQ., individually,
ABC ENTITIES 1-10 and
JOHN DOES 1-10 (fictitious defendants),

                                     Defendants.
-----------------------------------------------------------------------x

Civil Action No.
08-3175 (FSH)

**NOTICE OF MOTION TO
TO CHANGE VENUE
PURSUANT TO
28 U.S.C. §§ 1391(b) and 1404**

    **PLEASE TAKE NOTICE**, that upon the annexed certification of Jonathan A. Stein, dated

July 11, 2008, and all the pleadings and proceedings heretofore had herein, Defendant Classic

Closeouts, LLC, will move this Court before the Honorable Faith S. Hochberg, J.D.C., at the

Courthouse located at the U.S. Post Office & Courthouse Building, Courtroom PO 01, Newark, New

Jersey 07101, on August 4, 2008, at 9:30 a.m., or as soon thereafter as counsel can be heard, for

order pursuant to 28 U.S.C. §§ 1391(b) and 1404 changing venue from the United States District

Court for the District fo New Jersey to the United States District Court for the Eastern District of

New York, Long Island Courthouse, together with such other and further relief as may be just, proper

and equitable.

**PLEASE TAKE FURTHER NOTICE**, that pursuant to Local Civil Rule 78.1(a),

opposition papers, if any, must be filed no later than July 21, 2008.

Dated: Cedarhurst, New York
        July 11, 2008

Respectfully Submitted,

**JONATHAN A. STEIN, P.C.**
Attorney for Defendant
Classic Closeouts, LLC

By:_____
        **JONATHAN A. STEIN (JS-4597)**
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956

TO:   SCHEPISI & MCLAUGHLIN, P.A.
      Attorneys for Plaintiff
      473 Sylvan Avenue
      P.O. Box 1313
      Englewood Cliffs, New Jersey 07632-1313
      (201) 569-9898

      *via ECF*

Jonathan A. Stein (JS-4597)
Jonathan A. Stein, P.C.
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956

Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------x

MEMBERS ONLY LICENSING GROUP, LLC,                    Civil Action No.
                                                      08-3175 (FSH)
                                    Plaintiff,

                    -against-

CLASSIC CLOSEOUTS, LLC,                         **CERTIFICATION IN**
S&M DEVELOPMENT CORP.,                      **SUPPORT OF MOTION TO**
SHALOM S. MAIDENBAUM, ESQ., individually,     **TO CHANGE VENUE**
ABC ENTITIES 1-10 and                            **PURSUANT TO**
JOHN DOES 1-10 (fictitious defendants),     **28 U.S.C. §§ 1391(b) and 1404**

                                    Defendants.
-------------------------------------------------------------------------x

     JONATHAN A. STEIN, an attorney duly admitted to practice before this Court, declares the

following statements to be true, under the penalties of perjury:

     1.     I am a member of the firm of Jonathan A. Stein, P.C., the attorney for Defendant

Classic Closeouts, LLC ("Classic"). I am fully familiar with the facts and circumstances set forth

in this certification.

     2.     This certification is submitted in support of Defendant Classic's motion for an order

pursuant to 28 U.S.C. §§ 1391(b) and 1404 changing venue from the United States District Court

for the District fo New Jersey to the United States District Court for the Eastern District of New

York, Long Island Courthouse, together with such other and further relief as may be just, proper and

equitable.

## BACKGROUND

3.      This action was initially commenced in the Superior Court of the State of New Jersey against three named defendants: Classic Closeouts, LLC, S&M Development Corp. and Shalom S. Maidenbaum, Esq., individually. (Copies of all of the papers filed in the New Jersey Superior Court action are annexe to the Notice of Removal, which is annexed hereto as Exhibit "A").

4.      My initial reaction upon receipt of the papers was shock. While I, as counsel to Classic, was familiar with prior correspondence concerning my client's sale of Members Only trademarked items, I also knew that S&M Development Corp. and Shalom S. Maidenbaum have never had anything to do with Classic.

5.      Classic is a Nevada limited liability company. Its only office and facility in the United States is located at 110 West Graham Avenue, Hempstead, New York 11550, which is located in Nassau County, New York.

6.      Classic operates a retail website for consumers at classiccloseouts.com. There is also a New York limited liability company also known as Classic Closeouts, LLC. That entity was formed by me at the behest of Daniel Greenberg, who was the manager of Classic at the time and was seeking to purchase that entity. Classic was ultimately purchased by someone else and Mr. Greenberg remained as manager. The New York limited liability company neither owns nor operates the website or the merchandise associated with it. (Copies of the organization papers for both Classic entities are annexed hereto respectively as Exhibits "B" and "C").

7.      In any event, upon receipt of the suit papers I immediately telephone plaintiff's counsel and was directed to Christopher A. Stewart, who signed the relevant pleading. I advised Mr. Stewart that I had caused the New York Classic entity to be formed and utilized my office address as the designated address for service of process. I further advised him that the only connection with

2

S&M Development Corp. is that it is the owner of the building where I maintain my office. I further advised him that the only connection Shalom S. Maidenbaum had, was that he is president of S&M Development Corp.

8.  After considerable cajoling on my part, including several unanswered e-mails, plaintiff discontinued the action against S&M Development Corp. and Shalom S. Maidenbaum. (A copy of the discontinuance is annexed to the Removal Notice – Exhibit "A" – as Exhibit "B").

9.  The Removal Notice was filed on three distinct grounds: (a) federal question, which vests the District Court with jurisdiction in the first instance under 28 U.S.C. § 1331 as the complaint prayed for relief under 28 U.S.C. § 1117(a) for trademark infringement; (b) separate original jurisdiction under 28 U.S.C. § 1338, again because the complaint prayed for relief under 28 U.S.C. § 1117(a) for trademark infringement; and (c) diversity citizenship under 28 U.S.C. § 1332.

10.  Ultimately, as I will explain *infra* there is no diversity here. However, the diversity basis was made on the good faith belief that inasmuch as plaintiff commenced this action in the New Jersey state courts against defendants solely based in New York, plaintiff must be a New Jersey entity.

11.  On several occasions I requested that plaintiff voluntarily consent to move venue of this case to the United States District Court for the Eastern District of New York, Long Island branch in accord with 28 U.S.C. § 1391.

12.  By letter dated July 2, 2008, plaintiff's counsel, by Silvana D. Raso, advised me, *inter alia* that "[v]enue is not properly laid in the New York District Court since Members Only Licensing Group has an office located in New York and therefor, there exists no diversity between the parties." (A copy of the letter is annexed hereto as Exhibit "D").

3

13.     Based upon Ms. Raso's letter I conducted a Lexis search of the records of the New York Department of State.  To my utter surprise I learned that not only did plaintiff maintain an office in New York State, but was in fact a New York limited liability company.  (A copy of the Lexis printout is annexed hereto as Exhibit "E").

14.     On July 3, 2008 I wrote back to Ms. Raso, advising her, *inter alia*:

> I am at the very least amused by one of the other statements in your letter that "[v]enue is not properly laid in New York District Court since Members Only Licensing Group has an office located in New York and therefore, there exists no diversity between the parties."
>
> This actually caused me to look at your complaint again, and I notice that while you identify Classic Closeouts, LLC as a New York limited liability company, you did not reference the state of organization of your own client.  You can imagine my surprise to learn that "Members Only Licensing Group, LLC" is a New York limited liability company.  This begs the question as to why you brought the action in New Jersey to begin with.
>
> Notwithstanding the foregoing, the removal application was based upon federal question and trademark as well.  Venue in such actions is governed under 28 U.S.C. § 1391(b), which is not markedly different than venue in diversity actions under 28 U.S.C. § 1391(a).  In any event, the one thing that is crystal clear is that there is no basis for venue anywhere in New Jersey.  In the first instance this action should have been brought in New York.

(A copy of the July 3, 2008 letter is annexed hereto as Exhibit F").

15.     It is crystal clear that plaintiff's counsel is engaged in forum shopping.  A New York entity sued two other New York entities and one New York resident in New Jersey, where none of them have a legal nexus.

4

16.     Clearly, Ms. Raso was correct, i.e., there is no diversity of citizenship.  At the very least this Court should question her and her firm as to why this action was brought in New Jersey and why they have forced Classic to spend the money to bring a self-evident motion to change venue.

17.     The relevant statutory provisions are as follows:

### 28 U.S.C. § 1391.  Venue generally

*       *       *

(b)     A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*       *       *

### 28 U.S.C. § 1404.  Change of venue

(a)     For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

*       *       *

18.     Clearly, this action should never have been commenced in New Jersey.  Having been removed to the Federal court in New Jersey, the only proper place for venue is the United States District Court for the Eastern District of New York, Long Island branch.

5

**WHEREFORE**, Defendant Classic Closeouts, LLC, respectfully requests that an order be issued and entered pursuant to 28 U.S.C. §§ 1391(b) and 1404 changing venue from the United States District Court for the District fo New Jersey to the United States District Court for the Eastern District of New York, Long Island Courthouse, together with such other and further relief as may be just, proper and equitable.

Dated: Cedarhurst, New York
　　　July 11, 2008

_____

**JONATHAN A. STEIN (JS-4597)**

EXHIBIT A

# EXHIBIT A

Jonathan A. Stein (JS-4597)
Jonathan A. Stein, P.C.
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956

RECEIVED-CLERK
U.S. DISTRICT COURT

[illegible] JUN 25  P 12:59

Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------x

MEMBERS ONLY LICENSING GROUP, LLC,

                              Plaintiff,

                -against-

CLASSIC CLOSEOUTS, LLC,
S&M DEVELOPMENT CORP.,
SHALOM S. MAIDENBAUM, ESQ., individually,
ABC ENTITIES 1-10 and
JOHN DOES 1-10 (fictitious defendants),

                           Defendants.

------------------------------------------------------------------------x

Case No.   08-3175 (FSH)

**NOTICE OF REMOVAL**

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY:

     **PLEASE TAKE NOTICE** that defendant Classic Closeouts, LLC ("Classic"), by and

through its counsel, Jonathan A. Stein, P.C., pursuant to 28 U.S.C. § 1441(a), hereby removes this

action from the Superior Court of the State of New Jersey, to the United States District Court for the

District of New Jersey on the following grounds:

     1.     Defendant Classic desires to exercise its rights under the provisions of 28 U.S.C. §

1441 *et. seq.* to remove this case from the Superior Court of the State of New Jersey, County of

Hudson.

2.     On or about June 18, 2008 Members Only Licensing Group, LLC commenced this

action by filing a proposed Order to Show Cause, Civil Case Information Statement and Verified

Complaint. (The Order to Show Cause, Civil Case Information Statement and Verified Complaint

are collectively annexed hereto as Exhibit "A").

3.     The Order to Show Cause has not yet been signed and only courtesy copies have been

supplied to Defendants, though no papers have actually been served.

4.     On June 24, 2008 Plaintiff filed a Stipulation of Dismissal Without Prejudice,

discontinuing the action against defendants S&M Development Corp. and Shalom S. Maidenbaum.

(A copy of the Stipulation of Dismissal is annexed hereto as Exhibit "B").

5.     Pursuant to 28 U.S.C. § 1446(b) this Notice of Removal is timely since it is filed

within thirty (30) days of receipt of the receipt of these papers by Defendant, by service or otherwise.

6.     The United States District Court for the District of New Jersey has jurisdiction over

this case because federal question jurisdiction exists under 28 U.S.C. § 1331. Federal question

jurisdiction exists because Plaintiff's claim includes prayers for relief under 15 U.S.C. § 1117(a) for

alleged federal trademark violations.     Separately, the United States District Court also has

jurisdiction under 28 U.S.C. § 1338, also based upon the fact that Plaintiff's claim includes prayers

for relief under 15 U.S.C. § 1117(a). The United States District Court also has jurisdiction under

28 U.S.C. § 1332 as plaintiff is a New Jersey entity with its office in New Jersey. Although there

are two entities known as Classic Closeouts, LLC – one a Nevada limited liability company and the

other a New York limited liability company, both maintain their sole offices in Nassau County, New

York and were neither formed in New Jersey nor maintain any office in New Jersey. Further,

pursuant to 28 U.S.C. § 1332(b) the amount in controversy exceeds $75,000.00.

2

7. With the discontinuance against S&M Development Corp. and Classic Closeouts, LLC as defendants, the only remaining named defendant is Classic. Pursuant to 28 U.S.C. § 1441(a) "the citizenship of defendants sued under fictitious names shall be disregarded."

8. By filing this Notice of Removal, Classic does not waive any defense which may be available to it.

9. A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court fo the State of New Jersey, County of Hudson as required by 28 U.S.C. § 1446(d).

10. Classic will serve this Notice of Removal on the attorneys for plaintiff: Schepisi & McLaughlin, P.A., 473 Sylvan Avenue, .O. Box 1313, Engelwood Cliffs, New Jersey 07632-1313 as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, defendant Classic Closeouts, LLC respectfully requests removal of this action from the Superior Court of the State of New Jersey, County of Hudson, to the United States District Court for the District of New Jersey.

Dated: Cedarhurst, New York
June 24, 2008

Respectfully Submitted,

**JONATHAN A. STEIN, P.C.**
Attorney for Defendant
Classic Closeouts, LLC

By:_____
**JONATHAN A. STEIN (JS-4597)**
132 Spruce Street
Cedarhurst, New York 11516-1915
(516) 295-0956

EXHIBIT A

**SCHEPISI & MCLAUGHLIN, P.A.**
473 SYLVAN AVENUE
PO Box 1313
ENGLEWOOD CLIFFS, NJ 07632
201-569-9898
Attorneys for Plaintiff
CAS/ps/411159/Order to Show Cause

| | |
|---|---|
| MEMBERS ONLY LICENSING GROUP, LLC, | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: |
| Plaintiff, | HUDSON COUNTY |
| vs. | DOCKET NO. |
| CLASSIC CLOSEOUTS, LLC, S&M DEVELOPMENT, CORP., SHALOM S. MAIDENBAUM, ESQ., individually, ABC ENTITIES 1-10, and JOHN DOES 1-10 (fictitious defendants), Defendant. | Civil Action ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINTS |

To:     Classic Closeouts, LLC
        132 Spruce Street
        Cedarhurst, NY  11516-1915

        S&M Development Corp.
        132 Spruce Street
        Cedarhurst, NY 11516

        Shalom S. Maidenbaum, Esq.
        132 Spruce Street
        Cedarhurst, NY 11516

**THIS MATTER,** having been opened to the Court by Schepisi & McLaughlin,

P.A., attorneys for Plaintiff, Members Only Licensing Group, LLC (referred to as the

"Plaintiff"), by way of Order to Show Cause for temporary restraints based on the facts

set forth in the Verified Complaint and Certification of Arnold Simon filed herewith; and

it appearing immediate, substantial, and irreparable harm will result unless the requested relief is granted, and other good cause having been shown;

**IT IS** on this _____ day of _____, 2008;

**ORDERED THAT** De fendants, Classic Closeouts, LLC, S&M Development Corp., and Shalom S. Maidenbaum, Esq., shall appear before the Superior Court of New Jersey, Hudson County, Chancery Division, General Equity Part, Brennan Courthouse, 583 Newark Avenue, Jersey City, New Jersey 07306, on the _____ day of June, 2008 at 9:00 a.m. in the forenoon or soon thereafter as counsel may be heard, why an Order should not be entered preliminarily as follows:

1.      Restraining Defendants from selling, displaying, advertising and/or offering the Members Only trademark for sale either in stores, on the Internet, or any other medium.

2.      Compelling Defendants to remove any and all references to the Members Only trademark from Defendants' website www.classiccloseouts.com.

3.      Compelling Defendants to remove any and all Members Only apparel from its website www.classiccloseouts.com.

4.      Compelling Defendants to effectuate the recall, removal, and return from commercial distribution and/or public display of any merchandise that pictures, reproduces, copies, adapts or displays the Members Only trademark.

5.      Compelling Defendants to effectuate the recall, removal and return from commercial distribution and/or public display of any promotional and advertising

2

material, label, packages, wrappers, containers and any other unauthorized item that displays the Members Only trademark.

6.    Appointing a special fiscal agent to protect and account for the benefit of Plaintiff, any and all personal and/or real properties and assets consisting of and/or obtained by profits derived from Defendants' use of the Members Only trademark.

7.    Compelling Defendants to turn over to Plaintiff any and all personal and/or real properties and assets consisting of and/or obtained by profits derived from Defendants' use of the Members Only Trademark.

8.    Entering judgment for the relief sought in the Verified Complaint.

9.    Any and all relief the Court deems just and equitable.

**AND IT IS FURTHER ORDERED** that pending the return date herein:

1.    Defendants are temporarily restrained and enjoined from selling, displaying, advertising and/or offering the Members Only trademark for sale either in stores, on the Internet, or any other medium.

2.    Defendants are temporarily compelled to hold as constructive trustees for the benefit of Plaintiff, any and all personal and/or real properties and assets consisting of and/or obtained by profits derived from Defendants' use of the Members Only trademark.

3.    Defendants are temporarily compelled to remove any and all references to the Members Only trademark from Defendants' website www.classiccloseouts.com.

4.    Defendants are temporarily compelled to remove any and all Members Only apparel from its website www.classiccloseouts.com.

3

**AND IT IS FURTHER ORDERED** that:

1.      Defendants may move to dissolve or modify the Temporary Restraints herein contained on two (2) days notice to Schepisi & McLaughlin, P.A., 473 Sylvan Avenue, Englewood Cliffs, New Jersey 07632;

2.      A copy of this Order to Show Cause and supporting Certification submitted in support of this application be served upon the Defendants within _____ days of the date hereof, in accordance with Rule 4:4-3 and Rule 4:4-4, this being original process.

3.      The Plaintiff must file with the Court its Proof of Service of the Pleadings on the Defendants no later than three (3) days before the return date.

4.      Defendants shall file and serve a written response to this Order to Show Cause and request for entry of injunctive relief and Proof of Service by _____, 2008. The original documents must be filed with the Clerk of the Superior Court in the County listed above. A telephone call will not protect your rights. You must file your opposition and the required fee of $_____ and serve your opposition on your adversary if you want the Court to hear your opposition to the injunctive relief the Plaintiff is seeking.

5.      The Plaintiff must file and serve any written reply to the Defendants' opposition to the Order to Show Cause by _____, 2008. The reply papers must be filed with the Clerk of the Superior Court in the County listed above, and

4

a copy of the reply papers must be sent directly to the Chambers of the Honorable

_____

6.      If the Defendants do not file and serve opposition to this Order to Show Cause, the application will be decided on the papers on the return date and relief may be granted by default, provided that Plaintiff file its Proof of Service and proposed form of Order at least three (3) days prior to the return date.

7.      If the Plaintiff has not already done so, a proposed form of Order addressing the relief sought and the return date (along with a self-addressed, return envelope with return address and postage), must be submitted to the Court no later than three (3) days before the return date.

8.      The Court will entertain argument, but not testimony, on the return date of the Order to Show Cause, unless the Court advises the parties to the contrary no later than _____ days before the return date.


_____ , J.S.C.


Dated:_____


[ ] Opposed
[ ] Unopposed

## CERTIFICATION OF SERVICE

I hereby certify that the within Verified Complaint, Certification of Arnold

Simon, and proposed form of Order have been served and filed within the time and in the

manner prescribed by the Rules of Court.

I hereby further certify that true and correct copies of the Verified Complaint,

Certification of Arnold Simon, and proposed form of Order have been forwarded to

Defendants.

SCHEPISI & McLAUGHLIN, P.A.
Attorneys for Plaintiff

By: _____

Christopher A. Stewart, Esq.

Dated: June __**18**__, 2008

6

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c),**
if information above the black bar is not completed or
if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY |
| --- |
| PAYMENT TYPE: CK    CG    CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
| --- | --- | --- |
| John A. Schepisi, Esq. | ( 201 ) 569-9898 | Hudson |

| FIRM NAME (If applicable) | DOCKET NUMBER (When available) |
| --- | --- |
| Schepisi & McLaughlin, P.A. | |

| OFFICE ADDRESS | DOCUMENT TYPE |
| --- | --- |
| 473 Sylvan Avenue<br>Englewood Cliffs, New Jersey 07632 | Order To Show Cause with Temporary Restraints and Verified Complaint for Trademark Infringement |
| | JURY DEMAND    [X] YES    [ ] NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff)<br>MEMBERS ONLY LICENSING GROUP, LLC | CAPTION<br>MEMBERS ONLY LICENSING GROUP, LLC vs. CLASSIC CLOSEOUTS, LLC, S&M DEVELOPMENT, CORP., SHALOM S. MAIDENBAUM, ESQ., individually ABC ENTITIES 1-10, and JOHN DOES 1-10 (fictitious defendants) |
| --- | --- |

| CASE TYPE NUMBER<br>(See reverse side for listing)<br>**699** | IS THIS A PROFESSIONAL MALPRACTICE CASE?    [ ] YES   [X] NO<br>IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
| --- | --- |

| RELATED CASES PENDING?<br>[ ] YES  [X] NO | IF YES, LIST DOCKET NUMBERS |
| --- | --- |

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?    [ ] YES  [X] NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN<br>[ ] NONE   [X] UNKNOWN |
| --- | --- |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?<br>[ ] YES [X] NO | IF YES, IS THAT RELATIONSHIP | [ ] EMPLOYER-EMPLOYEE<br>[ ] FAMILIAL | [ ] FRIEND/NEIGHBOR<br>[ ] BUSINESS | [ ] OTHER (explain)_____ |
| --- | --- | --- | --- | --- |

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?    [X] YES   [ ] NO |
| --- |

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| [wheelchair symbol] DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?    [ ] YES [X] NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: _____ |
| --- | --- |

| WILL AN INTERPRETER BE NEEDED?    [ ] YES [X] NO    IF YES, FOR WHAT LANGUAGE: _____ |
| --- |

ATTORNEY SIGNATURE
John A. Schepisi, Esq.

30 - Civil Case Information Statement (CIS)
Appendix XII-B
Rev. 2/08   Effective 2/1/08   P3/08

Powered by
HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 1

**SIDE 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule 4.5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) _____ |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge/450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Mass Tort (Track IV)
| | | | |
|---|---|---|---|
| 241 | TOBACCO | 275 | ORTHO EVRA |
| 248 | CIBA GEIGY | 276 | DEPO-PROVERA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 277 | MAHWAH TOXIC DUMP |
| 271 | ACCUTANE | 278 | ZOMETA/AREDIA |
| 272 | BEXTRA/CELEBREX | 601 | ASBESTOS |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold        ☐ Putative Class Action        ☐ Title 59

30 – Civil Case Information Statement (CIS)
Appendix XII-B
Rev. 2/08   Effective 2/1/08   P3/08

Powered by
HotDocs®

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

**SCHEPISI & MCLAUGHLIN, P.A.**
473 SYLVAN AVENUE
PO Box 1313
ENGLEWOOD CLIFFS, NJ 07632
201-569-9898
Attorneys for Plaintiff
CAS/gs/411159/Complaint

| | |
|---|---|
| MEMBERS ONLY LICENSING GROUP, LLC,<br><br>Plaintiff, | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION:<br>HUDSON COUNTY |
| vs. | DOCKET NO. |
| CLASSIC CLOSEOUTS, LLC,<br>S&M DEVELOPMENT, CORP.,<br>SHALOM S. MAIDENBAUM, ESQ., individually,<br>ABC ENTITIES 1-10, and<br>JOHN DOES 1-10 (fictitious defendants),<br><br>Defendant. | Civil Action<br><br>VERIFIED COMPLAINT FOR<br>TRADEMARK INFRINGEMENT AND<br>DEMAND FOR JURY TRIAL |

Plaintiff, Members Only Licensing Group, LLC, (hereinafter "MOLG") by way of Complaint against the Defendants does say:

1.    MOLG is a limited liability company located at 1 Cape May Street, Township of Harrison, County of Hudson, State of New Jersey.

2.    MOLG is the owner of all of the rights, title and interest in and to the trademark "Members Only" with and without accompanying design elements including without limitation the registration for the mark "Members Only".

3.    Upon information and belief, Defendant, Classic Closeouts, LLC (hereinafter "Defendant Classic") is a limited liability company organized and existing under the laws of the State of New York, and with its principal place of business at 132 Spruce Street, Cedarhurst, New York 11516-1915.

1

4.    Upon information and belief Defendant Classic is engaged in the sale, advertisement, distribution, and marketing of apparel in the state of New Jersey.

5.    Upon information and belief, Defendant, S&M Development Corp., (hereinafter "Defedant S&M") is a corporation organized and existing under the State of New York, with its principal place of business located at 132 Spruce Street, Cedarhurst, New York, 11516, and the corporate owner of Classic Closeouts, L.L.C..

6.    Upon information and believe Defendant Classic is a subsidiary of Defendant S&M, whereby Defendant S&M controls and directs Defendant Classic's sales, advertising, distribution, and marketing strategy.

7.    Upon information and belief, Defendant, Shalom S. Maidenbaum, Esq., (hereinafter "Defendant Maidenbaum") is the Chairman or Chief Executive Officer of Defendant S&M, and exercises complete dominion and control over Defendant S&M and Defendant Classic.

8.    Upon information and belief, Defendant Maidenbaum is and was the alter ego of Defendant Classic, and established Defendant Classic as a way to evade the proper liabilities owed to Plaintiff through the sale, advertisement, distribution, and marketing of apparel in New Jersey,

9.    The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued here as ABC Corps 1-10; and John Does 1-10 (hereinafter collectively known as "DOES") inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities of Defendants designated herein as DOES when their identities are ascertained.  Whenever in this Complaint reference is made to

"Defendants, and each of them," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly, and/or severally.

10.     On or about October 22, 2007, it was discovered that Defendants, and each of them, were using the "Members Only" trademark in commerce without Plaintiff's permission and/or authorization, expressed or implied.

11.     At all times relevant hereto Defendants, and each of them, has sold, offered for sale, distributed, or advertised goods bearing the "Members Only" Trademark in New Jersey and over the internet to buyers in New Jersey.

12.     Pursuant to 15 U.S.C.A. § 1114.-(1)(a) "Any person who shall, without the consent of the registrant use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered trademark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive shall be liable in a civil action by the registrant."

13.     Pursuant to N.J.S.A. 56:4-1 "No merchant, firm or corporation shall appropriate for his or her own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals."

14.     Defendants', and each of their, unauthorized use of the "Members Only" trademark is in violation of 15 U.S.C.A. § 1114.-(1)(a) of the United States Code, and N.J.S.A. 56:4-1 et seq., in violation of Federal and New Jersey unfair competition laws.

15.     At all times relevant hereto based upon information and belief Defendants, and each of them, conducts its business and marketing on the internet at the website www.classiccloseouts.com.

3

16.     At all times relevant hereto Defendants, and each of them, has without a license from Plaintiff, sold, offered for sale, distributed, or advertised Men's and Women's Jackets and other apparel bearing the "Member's Only" Trademark on the internet for $9.49, far below retail value.  The actual value of a Members Only jacket retails in the range of Three Hundred ($300.00) Dollars to Four Hundred ($400.00) Dollars depending on the sales venue.

17.     Defendants', and each of their, willful and intentional sale, offer to sell, distribution, and advertisement of "Members Only" apparel have damaged the reputation and character of the "Members Only" trademark.

18.     Despite being put on notice by Plaintiff on October 22, 2007; October 30, 2007; April 8, 2008, and April 9, 2008, of Plaintiff's Trademark and the infringement of same by illegally using that trademark, Defendants, and each of them, willfully continue to distribute, sell, and offer to sell "Members Only" apparel in New Jersey and to buyers in New Jersey over the internet.

19.     Upon information and belief, Defendants, and each of them, have willfully displayed "Members Only" copyrights by distributing, advertising, selling, and/or offering for sale MOLG products bearing the "Members Only" trademark design without Plaintiff's authorization.  Defendants, and each of them, are neither licensed nor authorized to display Plaintiff's trademark design nor distribute, advertise, sell or offer for sale the "Members Only" apparel.

20.     The conduct of Defendants, and each of them, was and has been willfully done with the knowledge of and/or reckless disregard for Plaintiff's trademark, and for the purpose of profiting from unauthorized transactions involving Plaintiff's trademark.

4

21.     Plaintiff has complied in all respects with Title 17 of the United States Code securing the exclusive rights and privileges in and to the above-referenced trademarks, and in compliance with the law has obtained from the register of trademarks, the appropriate Certificate for Registration, which constitutes *prima facie* evidence of the validity of the trademark under the facts stated in the Certificate.

22.     After the date of the filing for registration of the above-reference trademark and continuing to date, Defendants, and each of them, have infringed on Plaintiff's trademark by advertising, displaying, and offering for sale the "Members Only" trademark in New Jersey, and to buyers in New Jersey over the internet.

23.     Said conduct by Defendants, and each of them, was willfully and intentionally done with the knowledge of Plaintiff's trademark.

24.     In the alternative such conduct was negligently done by Defendants, and each of them, prior to notice being given to them.

25.     After being put on notice of trademark infringement Defendants, and each of them, continued to sell, offer for sale, distribute, and advertise "Members Only" apparel, which acts were willful, wanton, and intentional.

26.     Defendants, and each of them, have unlawfully sold "Members Only" apparel and have realized profits therefrom.

27.     As a result of Defendants', and each of their, unlawful, willful, wanton, and intentional conduct, Plaintiff has been deprived of profits due and owing from the sale of "Members Only" apparel.

5

28.   As a result of Defendants', and each of their, unlawful, willful, wanton, and intentional conduct, Plaintiff is entitled to an accounting of all profits realized by Defendants, and each of them, from the sale of "Members Only" apparel.

29.   Pursuant to N.J.S.A. 56:4-2 "Any person, firm, or corporation in violation any of the provisions of N.J.S.A. 56:4-1 of this title shall be liable, at the suit of the maker, of such branded or trade-marked products, or any other injured person, to an injunction against such practices, and shall be liable in such suit for all damages, directly or indirectly caused, to the maker by such practices, which damages may be trebled in the discretion of the court."

30.   Pursuant to 15 U.S.C.A § 1117(a) violation of 15 U.S.C.A. § 1114(1)(a) entitles Plaintiff "to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, (3) the costs of the action, (4) attorney fees, and (5) treble damages"

31.   The said conduct of Defendants, and each of them, have caused, and if not enjoined, will continue to cause irreparable damage to the rights of Plaintiff and its trademark.

32.   Defendants', and each of their, willful and intentional infringement of the "Members Only" trademark is the direct and proximate cause of Plaintiff's damages.

33.   As a result of Defendants', and each of their, willful and intentional infringement of the "Members Only" trademark, Plaintiff has suffered damages and will continue to suffer damages in the future.

WHEREFORE, Plaintiff Members Only Licensing Group, L.L.C. hereby demands judgment against Defendants, individually, jointly, and severally, as follows:

1.   That Defendants and each of its agents, servants, employees, representatives, successors and assigns and all persons, firms, or corporation in active concert or participation with them pursuant to N.J.S.A. 56:4-2 be immediately and permanently enjoined from:

(a) directly or indirectly infringing MOLG's trademark, or garment with the "Members Only" label, in any manner including generally, but not limited, selling the trademark, displaying the trademark, advertising the trademark, and/or offering the trademark for sale, either in stores, on the internet, or any other medium to effectuate the foregoing;

(b) be compelled to immediately remove any and all references to "Members Only" apparel from its website – www.classiccloseouts.com;

2.      That Defendants, and each of them, pursuant to N.J.S.A. 56:4-2 be required to effectuate the recall, removal, and return from commercial distribution and or public display of:

(a) any merchandise that pictures, reproduces, copies, adapts, or displays the trademark,

(b) any promotional and advertising material, labels, packages, wrappers, containers, and any other unauthorized item that displays the trademark;

3.      That Defendants, and each of them, be required to pay treble damages in accordance with N.J.S.A. 56:4-2 for all damages sustained by Plaintiff as a result of Defendant's unlawful use of the "Members Only" trademark;

4.      That Defendants pursuant to 15 U.S.C.A. 1117(a) and N.J.S.A. 56:4-2 pay over to Plaintiff all damages sustained by Plaintiff through the unlawful sale, offer for sale, distribution, and advertising of "Members Only" apparel.

5.      That Defendants, and each of them, pursuant to 15 U.S.C.A. § 1117(a) and N.J.S.A. 56:4-2 account for profits realized by Defendants by reason of Defendants' unlawful sale, offer for sale, distribution, and advertising of "Members Only" apparel and that those profits be increased as provided by law;

6.      For an Order directing Defendants, and each of them, to appoint a special fiscal agent to protect and account for, any and all personal and/or real properties and assets consisting

7

of and/or obtained by profits derived from Defendants' infringing activities and that Plaintiff be granted possession of these properties;

7.    That Plaintiff recover from Defendants, and each of them, compensatory damages in an amount to be determined at trial;

8.    That Plaintiff pursuant to 15 U.S.C.A § 1117(a) recover from Defendants, and each of them, its costs in this action;

9.    That Plaintiff pursuant to 15 U.S.C.A. § 1117(a) recover from Defendants, and each of them, reasonable attorneys' fees;

10.    That Plaintiff have all other and further relief that the Court may deems just and proper under the circumstances.

**SCHEPISI & McLAUGHLIN, P.A.**
Attorneys for Plaintiff

Dated:  6/18/08

By: _____
John A. Schepisi, Esq.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues so triable.

**SCHEPISI & McLAUGHLIN, P.A.**
Attorneys for Plaintiff

Dated:  6/18/08

By: _____
John A. Schepisi, Esq.

8

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated. I know of no other parties who should be joined in the action.

SCHEPISI & McLAUGHLIN, P.A.
Attorneys for Plaintiff

Dated:  6/18/08

By: _____
     John A. Schepisi, Esq.

9

## CERTIFICATION

I, ARNOLD SIMON, being of full age, do hereby certify that:

1.      I am a member of Members Only Licensing Group, L.L.C., Plaintiff in the foregoing Complaint.

2.      The allegations of the Complaint are true to the best of my knowledge, information, and belief.

3.      Said Complaint is made in truth and in good faith and without collusion for the causes set forth therein.

4.      To the best of my knowledge and belief, this matter in controversy is not the subject matter of any other action pending in any Court or of a pending arbitration proceeding, nor is any such proceeding contemplated at this time.

5.      To the best of my knowledge and belief, there are no other parties who must be joined in this action.

6.      I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Arnold Simon

Dated:  6-17-08

9

**SCHEPISI & MCLAUGHLIN, P.A.**
473 SYLVAN AVENUE
PO Box 1313
ENGLEWOOD CLIFFS, NJ 07632
201-569-9898
Attorneys for Plaintiff
CAS/gs/411159/Facsimile Certification

| | |
|---|---|
| MEMBERS ONLY LICENSING GROUP, LLC, | SUPERIOR COURT OF NEW JERSEY |
| | CHANCERY DIVISION: |
| Plaintiff, | HUDSON COUNTY |
| | |
| vs. | DOCKET NO. |
| | |
| CLASSIC CLOSEOUTS, LLC, | Civil Action |
| S&M DEVELOPMENT, CORP., | |
| SHALOM S. MAIDENBAUM, ESQ., individually, | FACSIMILE CERTIFICATION |
| ABC ENTITIES 1-10, and | |
| JOHN DOES 1-10 (fictitious defendants), | |
| Defendant. | |

    I, **CHRISTOPHER A. STEWART,** being of full age, hereby certifies as follows:

    1.    Pursuant to R. 1:4-4 the within Certification of Arnold Simon is being filed by facsimile.

    2.    I have examined the signature of Arnold Simon, a member of Members Only Licensing Group, L.L.C., Plaintiff in the foregoing Complaint, and the facsimile signature is in fact the signature of Arnold Simon.

    I hereby certify that the foregoing statement made by me is true. I am aware that if any such statement made by me is willfully false, I am subject to punishment.

                **SCHEPISI & McLAUGHLIN, P.A.**

Dated: June 18, 2008        By:    _____

                             Christopher A. Stewart, Esq.

**SCHEPISI & McLAUGHLIN, P.A.**
473 SYLVAN AVENUE
PO Box 1313
ENGLEWOOD CLIFFS, NJ 07632
201-569-9898
Attorneys for Plaintiff
CAS/ps/411159/Stipulation of Dismissal

| | |
|---|---|
| MEMBERS ONLY LICENSING GROUP, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> CLASSIC CLOSEOUTS, LLC, <br> S&M DEVELOPMENT, CORP., <br> SHALOM S. MAIDENBAUM, ESQ., individually, <br> ABC ENTITIES 1-10, and <br> JOHN DOES 1-10 (fictitious defendants), <br><br> Defendant. | SUPERIOR COURT OF NEW JERSEY <br> CHANCERY DIVISION: <br> HUDSON COUNTY <br><br> DOCKET NO. C.93.08 <br><br> Civil Action <br><br> STIPULATION OF DISMISSAL <br> WITHOUT PREJUDICE |

This matter in difference in the above-entitled action having been adjusted by and between the parties, it is hereby stipulated and agreed that all claims are hereby dismissed as against Shalom S. Maidenbaum, Esq.; and S&M Development Corp., without prejudice, and without costs against any party

SCHEPISI & McLAUGHLIN, P.A.
Attorneys for Plaintiff

Dated: 6|24|08

Christopher A. Stewart, Esq.

EXHIBIT B

# EXHIBIT B



# SECRETARY OF STATE
## STATE OF NEVADA

## LIMITED-LIABILITY COMPANY CHARTER

I, DEAN HELLER, the Nevada Secretary of State, do hereby certify that **CLASSIC CLOSEOUTS, LLC** did on **April 30, 2002,** file in this office the Articles of Organization for a Limited-Liability Company, that said Articles are now on file and of record in the office of the Nevada Secretary of State, and further, that said Articles contain the provisions required by the laws governing Limited-Liability Companies in the State of Nevada.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office in Carson City, Nevada, on **May 1, 2002.**

Secretary of State



By

Certification Clerk

ARTICLES OF ORGANIZATION
LIMITED-LIABILITY COMPANY
(Pursuant to NRS 86)
STATE OF NEVADA
Secretary of State

**FILED #** LLC5104-02

APR 3 0 2002

(For Office Use Only)

IMPORTANT: Read instructions on reverse side before completing this form

TYPE OR PRINT (BLACK INK ONLY)

(1) Name of Limited Liability Company: **CLASSIC CLOSEOUTS, LLC**

(2) The latest date on which the Limited Liability Company is to dissolve is December 31, 2042.

(3) Resident Agent:
Name of Resident Agent:

Laughlin Associates, Inc.
2533 North Carson Street
Carson City, Nevada  89706

Mailing Address:                     Same

(4) The shall be a right of the remaining members of the company to continue the business on the death, retirement, resignation, expulsion, bankruptcy or dissolution of a member or occurrence of any other event which terminates the continued membership in the company:

(5) Management: The company shall be managed by members.
Names and addresses of members:

David Lifschutz    111 Cedar Avenue, Hewlett Bay Park, NY  11557

(6) Other matters: The Limited Liability Company shall have the power to indemnify, to the fullest extent permitted by NRS 86, the Nevada Liability Company Law, as it may be amended, from time to time, all persons whom it is permitted to indemnify pursuant thereto.

(7) Signature of Organizer:

Jodie Skibinsky, Organizer
41 State Street, Suite 401
Albany, New York  12207

8) Certificate of acceptance of appointment of resident agent: Laughlin Associates, Inc., hereby accepts its appointment as resident agent for the above named limited liability company.

Laughlin Associates, Inc., Agent, by
          RICH RAINES

Dated: April 30, 2002

STATE OF NEVADA
Secretary of State
I hereby certify that this is a true and
complete copy of the document as filed in
this office.

MAY 0 1 2002

Dean Heller
By

EXHIBIT C

# EXHIBIT C

DIVISION OF CORPORATIONS AND STATE RECORDS       ALBANY, NY 12231-0001

FILING RECEIPT
================================================================================
ENTITY NAME: CLASSIC CLOSEOUTS, LLC

DOCUMENT TYPE: ARTICLES OF ORGANIZATION (DOM LLC)        COUNTY: NASS

SERVICE COMPANY: ESQUIRE CORPORATE NETWORKS, INC.       SERVICE CODE: 17 *

================================================================================
FILED:09/19/2005 DURATION:********  CASH#:050919000120 FILM #:050919000114

ADDRESS FOR PROCESS                                      EXIST DATE
-------------------                                      ----------
THE LLC                                                  09/19/2005
132 SPRUCE STREET
CEDARHURST, NY 11516-1915

REGISTERED AGENT
----------------

================================================================================

| FILER | | FEES | 260.00 | PAYMENTS | 260.00 |
|-------|---|------|--------|----------|--------|
| | | FILING | 200.00 | CASH | 0.00 |
| | | TAX | 0.00 | CHECK | 0.00 |
| JODIE SKIBINSKY | | CERT | 0.00 | CHARGE | 0.00 |
| ESQUIRE CORPORATE NETWORKS | | COPIES | 10.00 | DRAWDOWN | 260.00 |
| 41 STATE STREET, SUITE 401 | | HANDLING | 50.00 | OPAL | 0.00 |
| ALBANY, NY 12207 | | | | REFUND | 0.00 |

================================================================================
                                                        DOS-1025 (11/89)

~~State of New York~~ } ss:
*Department of State }*

*I hereby certify that the annexed copy has been compared with the original document filed by the Department of State and that the same is a true copy of said original.*

*Witness my hand and seal of the Department of State on* **September 19, 2005**



*Secretary of State*

DOS-200 (Rev. 03/02)

Cedarhurst, New York  11516-1915

(5) The LLC is to be managed by one (1) or more members.

(6) The LLC shall have the power to indemnify, to the fullest extent permitted by the LLCL, as it may be amended, from time to time, all persons whom it is permitted to indemnify pursuant thereto.

(7) The purpose or purposes for which the LLC is formed are as follows, to wit

To engage in any lawful act or activity for which limited liability companies may be organized under the Limited Liability Company Law exclusive of any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained; subject to any express limitations set forth herein, or in the Limited Liability Company Law.

Dated:  September 15, 2005

      s/ Daniel J. Goldberg
        Daniel J. Goldberg
            Organizer

1

050919000|14  ESQ-17

ARTICLES OF ORGANIZATION OF

CLASSIC CLOSEOUTS, LLC

under Section 203 of the Limited Liability Company Law

(1) The name of the Limited Liability Company (the "LLC") is:

CLASSIC CLOSEOUTS, LLC

(2) The county within this state in which the office of the LLC is to be located is Nassau.

(3) The duration of the LLC is to be perpetual.

(4) The Secretary of State of the State of New York is designated as the agent of the LLC upon whom process against it may be served, and the post office address, within or without this state, to which the Secretary of State shall mail a copy of any process against the LLC served upon him or her is:

C/O The LLC
132 Spruce Street
Cedarhurst, New York  11516-1915

(5) The LLC is to be managed by one (1) or more members.

(6) The LLC shall have the power to indemnify, to the fullest extent permitted by the LLCL, as it may be amended, from time to time, all persons whom it is permitted to indemnify pursuant thereto.

(7) The purpose or purposes for which the LLC is formed are as follows, to wit

To engage in any lawful act or activity for which limited liability companies may be organized under the Limited Liability Company Law exclusive of any act or activity requiring the consent or approval of any state official, department, board, agency or other body without such consent or approval first being obtained; subject to any express limitations set forth herein, or in the Limited Liability Company Law.

Dated:  September 15, 2005


s/ Daniel J. Goldberg
Daniel J. Goldberg
Organizer

050919000114 ESQ-17

ARTICLES OF ORGANIZATION OF

CLASSIC CLOSEOUTS, LLC

under Section 203 of the Limited Liability Company Law

2005 SEP 19 AM 8:34

1 LC

STATE OF NEW YORK
DEPARTMENT OF STATE
FILED SEP 1 9 2005
TAX $ _____
BY: _____

2005 SEP 16 PM 3:07

Filed By: Jodie Skibinsky
Esquire Corporate Networks

41 State Street, Suite 401
Albany, New York  12207

DRAWDOWN

EXHIBIT D

# EXHIBIT D

# SCHEPISI & McLAUGHLIN, P.A.

JOHN A. SCHEPISI*
SILVANA D. RASO*

ALINE S. GROSSMAN*
GLENN M. FINKEL‡
KELLY J. KIRK*
CHRISTOPHER A. STEWART‡

  OF COUNSEL

RICHARD D. McLAUGHLIN*

* MEMBER NJ & NY BAR
‡ MEMBER NJ BAR

ATTORNEYS AT LAW

473 SYLVAN AVENUE
REPLY TO: P.O. BOX 1313
ENGLEWOOD CLIFFS, N.J. 07632-1313

TELEPHONE: (201) 569-9898
FACSIMILE: (201) 569-5350
EMAIL: JSCHEPISI@SCHEPISI.COM
WEBSITE: WWW.SCHEPISI.COM

NEW YORK OFFICE

200 PARK AVENUE SOUTH
SUITE 1205
NEW YORK, NEW YORK 10003

TELEPHONE: (212) 243-2424
FACSIMILE: (212) 243-9888

July 2, 2008

**Via Email jonsteinlaw@gmail.com**
Jonathan A. Stein, Esq.
132 Spruce Street
Cedarhurst, NY

Re:    Members Only Licensing Group v.
       Classic Closeouts, L.L.C., et al.
       Docket No.  C-93-08
       Our File No. 411159

Dear Mr. Stein:

      I am in receipt of your letter of June 27, 2008.  I have reviewed the letter you submitted signed by Maureen Regan on behalf of Kirtie Regan, Inc. Please be advised that this letter is not sufficient to dismiss the Complaint against your client.

      First, the letter supplied by Maureen Regan to Classic Closeouts contradicts prior information she supplied to my client. Kirtie Regan, Inc. was required to supply to my client a list of all vendors to whom she sold Members Only products. Classic Closeouts is not contained on any list provided by Kirtie Regan, Inc. to my client. When I was contacted by Ms. Regan, I advised her of this fact and I asked her to please supply me the name of the vendor to whom she sold Members Only products who then resold the products to your client, if that is what occurred. She claimed she would supply me this information but has never called back to supply it nor has she provided any documents to me. I have called her many times and each call has gone unanswered.

      The letter that you rely upon certifies that Kirtie Regan has the right to sell clothing under the brand name Members Only. No one disputes this fact. It does not provide any proof that the clothing was sold to Classic Closeouts for resale in light of the prior contradictory information given by Maureen Regan to my client.

      As I have stated to you before, kindly provide some documentation in the form of a purchase order, bill of lading, invoice or other such document which would verify that Classic Closeouts obtained the Members Only products from a vendor who bought from

Jonathan A. Stein, Esq.
Page Two
July 2, 2008

Kirtie Regan.  If such a transaction occurred, which it must have if you are claiming that your client legally obtained the Members Only products, simply provide proof of same. Your refusal to do so makes no sense in light of your claims that your client has acted properly.  This is the same information that has been requested of you since at least October, 2007.

With respect to your inquiry as to whether this office will consent to the change of venue, please be advised that no such consent will be given.  Venue is not properly laid in New York District Court since Members Only Licensing Group has an office located in New York and therefore, there exists no diversity between the parties.

You have requested that this office refrain from questioning your credibility or honesty.  Please be advised that I will continue to question your conduct which appears to be highly suspect given the fact that you have chosen to file papers with the Superior Court of New Jersey, ex parte, causing the Order To Show Cause to be dismissed without ever notifying this office and have filed papers with the United States District Court without notifying this office or providing a copy of same until repeated demands were made of you to do so.  Until you begin acting in a manner consistent with the obligations of an officer of the Court, I will continue to describe your conduct as I see fit.

If you would like to stop wasting your client's time and money and simply provide the documentation necessary to demonstrate how it obtained the Members Only merchandise, I am willing to review the documents and resolve this matter.

Be guided accordingly.

Very truly yours,

**SCHEPISI & McLAUGHLIN, P.A.**

Silvana D. Raso

SDR:gs
cc:    Paul Spector

2

EXHIBIT E

# EXHIBIT E

**LexisNexis®** *Total Research System*

Switch Client | Preferences | Sign Out | ? Help

*My Lexis™* | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Counsel Selector | Dossier | History | ⚙

Source: <u>Sources</u> > / ... / > NY Department of State Corporation, LP, LLC and LLP Information ⓘ
Terms: **members only licensing** (<u>Edit Search</u> | <u>Suggest Terms for My Search</u>)

*NEW YORK DEPARTMENT OF STATE*

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

THIS DATA IS NOT AN OFFICIAL RECORD OF THE DEPARTMENT OF STATE OR THE STATE OF NEW YORK. LEXISNEXIS IS NOT AN EMPLOYEE OR AGENT OF THE DEPARTMENT OF STATE OR THE STATE OF NEW YORK. THE DEPARTMENT OF STATE DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, REGARDING THIS DATA.

NEW YORK DEPARTMENT OF STATE

**Company Name: MEMBERS ONLY LICENSING** GROUP, LLC

**Process Address:**
ARNOLD SIMON
525 SEVENTH AVENUE, SUITE 307
NEW YORK, NY 10018

**Type:** DOMESTIC LIMITED LIABILITY COMPANY

**Status:** ACTIVE

**Status Comment:** 49

**Standing:** NOTE: GOOD STANDING STATUS CAN ONLY BE DETERMINED BY PERFORMING A SEARCH IN THE RECORDS OF BOTH THE DEPARTMENT OF STATE CORPORATION RECORDS AND THE DEPARTMENT OF TAX AND FINANCE.

**Filing Date:** 9/11/2007

**Duration:** PERPETUAL

**County:** NEW YORK

**Date of Incorporation/Qualification:** 4/19/2007

**Corporation Number:** 3505382

**Microfilm Number:** 070419000129

**History:**
Effective Date: 9/11/2007
Microfilm Number: 070911000475

Type: ARTICLES OF ORGANIZATION (DOMESTIC LIMITED LIABILITY COMPANY)
Effective Date: 4/19/2007
Microfilm Number: 070419000129

Source: <u>Sources</u> > / ... / > NY Department of State Corporation, LP, LLC and LLP Information ⓘ
Terms: **members only licensing** (<u>Edit Search</u> | <u>Suggest Terms for My Search</u>)
View: Full
Date/Time: Friday, July 11, 2008 - 2:51 PM EDT

*My Lexis™* | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator | Transactional Advisor | Counsel Selector
History | Delivery Manager | Dossier | Switch Client | Preferences | Sign Out | Help

**LexisNexis®**   About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.



EXHIBIT F

# EXHIBIT F

# JONATHAN A. STEIN, P.C.

ATTORNEY AND COUNSELOR AT LAW
132 SPRUCE STREET
CEDARHURST, NEW YORK 11516-1915

MEMBER OF NY AND NJ BARS

TELEPHONE
(516) 295-0956

TELECOPIER
(516) 295-0957

e-mail: jonsteinlaw@gmail.com

July 3, 2008

**VIA TELECOPIER (201) 569-5350**

Schepisi & McLaughlin, P.A.
473 Sylvan Avenue
P.O. Box 1313
Englewood Cliffs, New Jersey 07632-1313

Attention: Silvana D. Raso, Esq.

RE:   *Members Only Licensing Grooup, Inc.*
      *v. Classic Closeouts, LLC*
      Your File No.: 411159

Dear Ms. Raso:

I am in receipt of your letter of July 2, 2008. First, with respect to your closing statement, it is you who should "be guided accordingly." It is your firm that dragged both an entity and an individual into the litigation to begin with, on shoddy investigative work, whose only connection was that they were connected to the ownership of the office building wherein my office is located.

I do not know what Maureen Regan did or did not supply to your office, or her reasons for doing so. However, what you state in your letter, i.e., that the letter "does not provide any proof that the clothing was sold to Classic Closeouts for resale" is contradicted by the language of the letter itself, which "verifies that Members Only old stock inventory was legally sold to Classic Closeouts for resale." Apparently, you would prefer to have a judge decide, which is fine by us.

I am at the very least amused by one of the other statements in your letter that "[v]enue is not properly laid in New York District Court since Members Only Licensing Group has an office located in New York and therefore, there exists no diversity between the parties."

This actually caused me to look at your complaint again, and I notice that while you identify Classic Closeouts, LLC as a New York limited liability company, you did not reference the state of organization of your own client. You can imagine my surprise to learn that "Members Only Licensing Group, LLC" is a New York limited liability company. This begs the question as to why you brought the action in New Jersey to begin with.

Notwithstanding the foregoing, the removal application was based upon federal question and trademark as well. Venue in such actions is governed under 28 U.S.C. § 1391(b), which is not

Silvana D. Raso, Esq.                                                    Page 2
RE: *Members Only Licensing Grooup, Inc. v. Classic Closeouts, LLC*
July 3, 2008


markedly different than venue in diversity actions under 28 U.S.C. § 1391(a).  In any event, the one thing that is crystal clear is that there is no basis for venue anywhere in New Jersey.  In the first instance this action should have been brought in New York.

But, you have given me my answer and I will be moving to change venue – a motion necessitated only by your frivolous conduct in refusing to consent to a self-evident change.

Finally, with respect to your claim that we engaged in *ex parte* communications, I already explained to you that I attempted to e-mail the notice of removal to you and actually spoke with your and told you that I had filed it.  The fact that your e-mail bounced it back a day later is not within my control.

As you like to say, be guided accordingly.

Very truly yours,

JONATHAN A. STEIN

JAS:rf

P. 1

✳ ✳ ✳ Memory TX Result Report ( Jul. 3. 2008 11:14AM ) ✳ ✳ ✳

1) Stein and Hoffman
2)

Date/Time: Jul. 3. 2008 11:12AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|------|------|-------------|-------|--------|---------------|
| 3736 | Memory TX | 12015695350 | P.  2 | OK | |

--------------------------------------------------------------------------------

Reason for error
E.1) Hang up or line fail                    E.2) Busy
E.3) No answer                               E.4) No facsimile connection
E.5) Exceeded max. E-mail size

---

## JONATHAN A. STEIN, P.C.
ATTORNEY AND COUNSELOR AT LAW
132 SPRUCE STREET
CEDARHURST, NEW YORK 11516-1915

MEMBER OF NY AND NJ BARS

TELEPHONE
(516) 295-0956
11ii COPIER
(516) 295-0654
e-mail: jonsteinlaw@gmail.com

July 3, 2008

VIA TELECOPIER (201) 569-5350

Schepisi & McLaughlin, P.A.
473 Sylvan Avenue
P.O. Box 1313
Englewood Cliffs, New Jersey 07632-1313

Attention: Silvana D. Raso, Esq.

RE:    Members Only Licensing Group, Inc.
       v. Classic Closeouts, LLC
       Your File No.: 411159

Dear Ms. Raso:

I am in receipt of your letter of July 2, 2008. First, with respect to your closing statement, it is you who should "be guided accordingly." It is your firm that dragged both an entity and an individual into the litigation to begin with, on shoddy investigative work, whose only connection was that they were connected to the ownership of the office building wherein my office is located.

I do not know what Maureen Regan did or did not supply to your office, or her reasons for doing so. However, what you state in your letter, i.e., that the letter "does not provide any proof that the clothing was sold to Classic Closeouts for resale" is contradicted by the language of the letter itself, which "verifies that Members Only old stock inventory was legally sold to Classic Closeouts for resale." Apparently, you would prefer to have a judge decide, which is fine by us.

I am at the very least amused by one of the other statements in your letter that "[v]enue is not properly laid in New York District Court since Members Only Licensing Group has an office located in New York and therefore, there exists no diversity between the parties."

This actually caused me to look at your complaint again, and I notice that while you identify Classic Closeouts, LLC as a New York limited liability company, you did not reference the state of organization of your own client. You can imagine my surprise to learn that "Members Only Licensing Group, LLC" is a New York limited liability company. This begs the question as to why you brought the action in New Jersey to begin with.

Notwithstanding the foregoing, the removal application was based upon federal question and trademark as well. Venue in such actions is governed under 28 U.S.C. § 1391(b), which is not